THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
NO. 3:17-cv-95

ELLA MATTHEWS AND RUSSELL NOLL,   )
 )
       Plaintiffs,      )
 )
   v.                    )
 )
TCL COMMUNICATION, INC., TCT MOBILE   )
(US) INC., TCT MOBILE, INC., AND TCT   )
MOBILE (US) HOLDINGS INC.,       )
 )
       Defendants.      )
 )

**PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT, CERTIFYING CLASS FOR PURPOSE OF
SETTLEMENT, DIRECTING NOTICE TO THE CLASS, AND SCHEDULING
<u>FAIRNESS HEARING</u>**

Plaintiffs Ella Matthews and Russell Noll, individually and on behalf of all other similarly situated Alcatel OneTouch Idol 3 4.7 inch or 5.5 inch smartphone purchasers in North Carolina and Kentucky, have reached a settlement with Defendants and herein move for: preliminary approval of the proposed class action settlement, certification of the putative class for purposes of the proposed settlement, an order directing that notice of the proposed settlement be sent to the certified class, an order setting the deadlines for filing claim forms, opt-out forms, and objections to the settlement, and the scheduling of a fairness hearing on the proposed settlement. Support for this Motion is included in the attached Brief.

Dated: February 21, 2018           Respectfully submitted,

                                   */s/ Nicholas A. Migliaccio*
                                   Nicholas A. Migliaccio, Esq. (*pro hac vice*)
                                   Jason S. Rathod, Esq. (*pro hac vice*)
                                   Migliaccio & Rathod LLP

1

412 H Street N.E., Suite 302
Washington, D.C. 20002
Office: (202) 470-3520
Fax: (202) 800-2730

Gary E. Mason, Esq.*
Jennifer S. Goldstein, Esq.*
5101 Wisconsin Ave. NW
Ste. 305
Washington, D.C. 20016
Office: (202) 640-1160
Fax: (202) 429-2294

Scott C. Harris
Whitfield Bryson & Mason LLP
900 W. Morgan Street
Raleigh, North Carolina 27603
Telephone: (919) 600-500
Facsimile: (919) 600-5035

* *pro hac vice* to be filed

**Attorneys for Plaintiff and the Putative Class**

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of February 2018, a true and complete copy of the

foregoing Motion was served via electronic mail to the following:

Jon Berkelhammer, Esq.
jon.berkelhammer@elliswinters.com
Brian W. Shaffer, Esq.
Brian.shaffer@morganlewis.com
Thomas J. Sullivan, Esq.
Thomas.sullivan@morganlewis.com

**Attorneys for Defendants**

/s/ Nicholas A. Migliaccio
Nicholas A. Migliaccio

2

THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
NO. 3:17-cv-95

| | |
|---|---|
| ELLA MATTHEWS AND RUSSELL NOLL, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| TCL COMMUNICATION, INC., TCT MOBILE | ) |
| (US) INC., TCT MOBILE, INC., AND TCT | ) |
| MOBILE (US) HOLDINGS INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**BRIEF IN SUPPORT OF PLAINTFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFYING CLASS FOR
PURPOSE OF SETTLEMENT, DIRECTING NOTICE TO THE CLASS,
AND SCHEDULING FAIRNESS HEARING**

Plaintiffs Ella Matthews and Russell Noll, individually and on behalf of all other similarly situated persons (hereinafter collectively referred to as ("Plaintiffs" or "Named Plaintiffs"), have reached a settlement with Defendants TCL Communication, Inc., TCT Mobile (US) Inc., TCT Mobile, Inc., and TCT Mobile (US) Holdings Inc. (hereinafter collectively referred to as "Defendants"), and seek: preliminary approval of the proposed class action settlement, certification of the putative class for purposes of the proposed settlement, an order directing that notice of the proposed settlement be sent to the certified class, an order setting the deadlines for filing claim forms, opt-out forms, and objections to the settlement, and the scheduling of a fairness hearing on the proposed settlement. In support of their Motion, Plaintiffs state as follows:

## I.       INTRODUCTION

Plaintiffs seek provisional certification for settlement purposes only of a settlement class of persons residing in North Carolina and/or Kentucky who purchased Alcatel OneTouch Idol 3 4.7 inch or 5.5 inch smartphones ("Idol 3 Smartphones") during the time period of January 1, 2015 – December 27, 2016. The claims pertain to Defendants' conduct in marketing, warranting, and selling Alcatel OneTouch Idol 3 4.7 inch and 5.5 inch smartphones sold and distributed by the Defendants from January 1, 2015 to the present. Plaintiffs contended that Defendants warranted and represented that Idol 3 Smartphones possessed compatibility with LTE Band 12, a frequency on which mobile phones operate for high speed communication. Plaintiffs further contended that Defendants surreptitiously removed LTE Band 12 compatibility from all Idol 3 Smartphones in a software update, greatly reducing the functionality of the Idol 3 Smartphones.

Plaintiffs seek preliminary approval of a settlement, wherein Defendants agree to either (1) reinstate LTE Band 12 functionality on the particular Settlement Class Member's Idol 3 Smartphone within a reasonable period of time not to exceed 3 months from this Court's final

4

approval of the settlement; or (2) provide a comparable replacement Alcatel smartphone (i.e., one with a manufacturer's suggested retail price of at least $179.99 and LTE Band 12 compatibility) for each Idol 3 Smartphone originally purchased by a Settlement Class Member. As shown below, the terms of the settlement confer a fair, reasonable, and substantial benefit upon the Members of the Proposed Class.

In accordance Federal Rule of Civil Procedure 23(e), Plaintiffs request that the Court: (1) preliminarily approve the proposed settlement agreement pursuant to Fed. R. Civ. P. 23(c) and (e); (2) preliminarily certify the proposed Settlement Class; (3) approve the proposed class notice and forms; (4) set the deadlines for filing claim forms, opt-out forms, and objections to the settlement; and (5) schedule a fairness hearing to consider final approval of the proposed settlement and approval of attorneys' fees and costs.

The material terms of the settlement are as follows:

1. For each Settlement Class Member who submits a valid short form Claim Form and Release that includes evidence that the Settlement Class Member's Idol 3 Smartphone used the T-Mobile Network, Defendants will elect to either: (1) reinstate LTE Band 12 functionality on the particular Settlement Class Member's Idol 3 Smartphone within a reasonable period of time not to exceed 3 months from this Court's final approval of the settlement; or (2) provide a comparable replacement Alcatel smartphone (i.e., one with a manufacturer's suggested retail price of at least $179.99 and LTE Band 12 compatibility) for each Idol 3 Smartphone originally purchased by a Settlement Class Member.

2. For purposes of settlement, the Parties seek certification of the following classes:

a. "North Carolina Class": all persons residing in North Carolina who purchased an Alcatel OneTouch Idol 3 4.7 inch or 5.5 inch smartphone during the time period of January 1, 2015 – December 27, 2016.

b. "Kentucky Class": all persons residing in Kentucky who purchased an Alcatel OneTouch Idol 3 4.7 inch or 5.5 inch smartphone during the time period of January 1, 2015 – December 27, 2016.

3. Plaintiffs will seek service awards in the amount of $2,500 to Named Plaintiffs Ella Matthews and Russell Noll, each of whom provided substantial assistance in the prosecution on the instant case.

4. Migliaccio and Rathod LLP and Whitfield Bryson and Mason, LLP will seek an award of attorneys' fees, expenses and costs in the amount of $120,000.

5. Defendants will receive a release of claims from the date of Final Approval unless a Class Member submits a timely and valid Opt-Out Form. The release will apply to all claims arising from or related to the removal of the LTE Band 12 functionality on the Idol 3 Smartphones, excluding any claims for personal injury that may be related to the removal of LTE Band 12 functionality on the Idol 3 Smartphones.

## II.  GENERAL TERMS OF SETTLMENT

Plaintiffs and Defendants have agreed, subject to approval by this Court, to enter into a Settlement Agreement. The details of the settlement are contained in the Settlement Agreement, which is attached hereto as Exhibit 1. The Proposed Settlement resolves all Plaintiffs' claims against Defendants for the Proposed Class:

6

## 1. CLASS DEFINITION

The Parties have agreed, for settlement purposes only, that the following Classes can be certified pursuant to Fed. R. Civ. P. 23. The Settlement Classes will be defined as follows:

> "North Carolina Class": all persons residing in North Carolina who purchased an Alcatel OneTouch Idol 3 4.7 inch or 5.5 inch smartphone during the time period of January 1, 2015 – December 27, 2016.

> "Kentucky Class": all persons residing in Kentucky who purchased an Alcatel OneTouch Idol 3 4.7 inch or 5.5 inch smartphone during the time period of January 1, 2015 – December 27, 2016.

## 2. SETTLEMENT CONSIDERATION

Subject to Court approval and the conditions specified herein, and in exchange for the release of all Settled Class Claims, Defendants agree that, for each Settlement Class Member who submits a valid short form Claim Form and Release that includes evidence that the Settlement Class Member's Idol 3 Smartphone used the T-Mobile Network, Defendants will elect to either: (1) reinstate LTE Band 12 functionality on the particular Settlement Class Member's Idol 3 Smartphone within a reasonable period of time not to exceed 3 months from the Court's final approval of the Settlement; or (2) provide a comparable replacement Alcatel smartphone (i.e., one with a manufacturer's suggested retail price of at least $179.99 and LTE Band 12 compatibility) for each Idol 3 Smartphone originally purchased by a Settlement Class Member.

## 3. ATTORNEYS' FEES AND COSTS

Class Counsel intends to seek Court approval of an award of attorneys' fees and reimbursement of litigation expenses incurred in the prosecution of the lawsuit and the finalization of this settlement. Pursuant to Section XII of the Settlement Agreement, Plaintiffs and Class Counsel will seek Payment of attorneys' fees, expenses and costs of $120,000.00 at the

7

final approval stage. "There are two general methods for assessing awards of attorney's fees in settlements of class action cases: (1) the percentage-of-the-fund method and (2) the lodestar method." *In re MI Windows & Doors Prods. Liab. Litig.*, MDL No. 2333, 2015 U.S. Dist. LEXIS 95889, at *3 (D.S.C. July 23, 2015) (collecting authority). As the Fourth Circuit has noted, "the most critical factor in determining the reasonableness of a fee award is the degree of success obtained." *Doe v. Chao*, 435 F.3d 492, 506 (4th Cir. 2006) (quoting *Farrar v. Hobby*, 506 U.S. 103, 114, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992)). Here, Class Counsel's work has produced an excellent result for the Class Members, further demonstrating that the fee requested is reasonable.[1] Thus, at the final approval stage, Class Counsel will request that the Court award their requested fees and litigation costs.

### 4. PAYMENT TO NAMED CLASS REPRESENTATIVES

Plaintiffs seek enhancement awards to Plaintiffs Matthews and Noll for the time, expense and burden of stepping forward as class representatives and prosecuting this class action, in the amount of $2,500. Plaintiffs will brief this issue at the final approval stage.

### 5. FEES AND EXPENSES OF THE SETTLEMENT ADMINISTRATOR

The Parties have agreed to and seek Court approval for the appointment of RG/2 as the Settlement Administrator ("RG/2" or "Settlement Administrator").

### 6. ADMINISTRATION OF NOTICE, CLAIMS, OPT-OUT AND OBJECTIONS PROCESS

The Settlement contemplated by the Parties' Settlement Agreement shall be administered by the Settlement Administrator as further detailed in the proposal of RG/2 Claim

---

[1] Plaintiffs further intend to address the *Barber* factors at the final approval stage. *See Barber v. Kimbrell's, Inc.*, 577 F.2d 216 (4th Cir. 1978).

8

Administration LLC (attached hereto as Exhibit 2) and in accordance with the following

deadlines, subject to approval by order of the Court:

(a) Within twenty (20) days of Preliminary Approval of the Settlement, the Administrator shall cause a Summary Notice of Settlement ("Summary Notice") to be published in a manner reasonably calculated to reach the Kentucky Class and North Carolina Class, as more particularly described in the Summary Notice, substantially in the form attached to the Settlement Agreement as Exhibit B, and to be approved by the Court. The Summary Notice shall inform Class Members of a website ( www.AlcatelBand12settlement.com ) through which Class Members may arrange for a mailing or downloading of the Detailed Notice of Settlement ("Detailed Notice"), substantially in the form attached to the Settlement Agreement as Exhibit C. The Summary Notice shall reference the website address. Class Members may submit a Claim Form online, by U.S. mail, by email or by fax.

(b) Within 30 days of the Preliminary Approval Order (the "Mailing Deadline"), the Administrator shall mail the Claim Form and Detailed Notice, substantially in the forms attached to the Settlement Agreement as Exhibits A and C, respectively, to be approved by the Court, by first class mail, postage prepaid, to each Class Member to the extent that the specific addresses of such Class Members are within the possession, custody, or control of Defendants. In addition, the Detailed Notice shall be mailed to each Class Member whose identity becomes actually known to Defendants or the Administrator as a result of the Summary Notice or who contacts the Administrator within twelve (12) months after the entry of the Court's Preliminary Approval Order. The Parties recognize that Defendants do not generally sell Idol 3 Smartphones directly to Class Members and that notice by publication will be the primary form of notice.

(c) Defendants will also put information about the Settlement on their website and list a toll-free number (which may be Defendants' existing customer service number) in the Detailed Notice.

(d) For all Potential Claimants, twelve (12) months after the Mailing Deadline will be the deadline for post-marking of Claim Forms ("Claims Deadline"). The time between the Mailing Date and the Claim Deadline will be the "Settlement Period." The Claim Deadline shall be strictly construed provided, however, that Potential Claimants who timely but imperfectly respond be given ten (10) additional calendar days to respond correctly. The Settlement Administrator shall preserve and maintain all envelopes, documents, or other information received from Potential Claimants, which contain post-marked dates.

(e) Within ten (10) days after Final Judicial Approval, Defendants shall prepare and forward to Plaintiffs' Counsel attorneys' fees awarded to Plaintiffs' Counsel, as identified in Section 2.4 of the Settlement Agreement.

9

(f)     Fourteen (14) days after the Claims Deadline ("Report Date"), the Settlement Administrator shall provide a report to Defendants' and Plaintiffs' Counsel: (i) identifying all Potential Claimants who have submitted valid, timely Claim Forms and Releases; (ii) identifying all Potential Claimants who have submitted valid, timely Opt-Out Forms; and (iii) provide copies of all valid, timely submitted Claim Forms and Releases to Defendants' and Plaintiffs' Counsel (which may be in electronic format).

To object, an individual must submit a Claim Form, and a written objection to Counsel for each Party, as set forth in the Class Notice. Class Members who wish to exclude themselves from the Settlement Class must mail a request for exclusion to Counsel for each Party.  Counsel for the Parties will jointly file any objections they receive with the Court prior to the Final Approval and Fairness Hearing.

## 7.  RELEASE OF CLAIMS

Defendants will receive a release of claims from the date of Final Approval unless a Class Member submits a timely and valid Opt-Out Form. The release will apply to all claims arising from or related to the removal of the LTE Band 12 functionality from the Idol 3 Smartphones, excluding any claims for personal injury that may be related to the removal of LTE Band 12 functionality from the Idol 3 Smartphones.

## III.    LEGAL STANDARD

"When a settlement is reached prior to Rule 23 certification, the law permits a class to be certified solely for the purposes of settlement." *Gamas v. Scott Farms, Inc.*, 2014 U.S. Dist. LEXIS 177206, *4 (E.D.N.C. Dec. 24, 2014). A district court faced with a settlement-only class need not inquire whether the class would present intractable problems with trial management, but must analyze whether the other requirements for certification must have been satisfied. *Anchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

10

Even after the Court certifies a class for settlement purposes, Rule 23 requires initial, preliminary court approval of the settlement of the claims of any certified class. The standards for preliminary approval of a class settlement under Fed. R. Civ. P. 23(e) involves a two-step process:

a.    Preliminary approval of the proposed settlement at an informal hearing and dissemination of mailed and/or published notice of the settlement to all affected Class Members; and

b.    A formal fairness hearing or final approval hearing, at which Class Members may be heard regarding the settlement, and at which evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement is presented.

*Beaulieu v. EQ Indus. Servs.*, 2009 U.S. Dist. LEXIS 133023, *69 (E.D.N.C. Apr. 20, 2009)

(*citing Horton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 855 F. Supp. 825, 827

(E.D.N.C.1994); MANUAL FOR COMPLEX LITIGATION §§ 21.632, 30.41 (5th ed. 2004)).

In determining whether preliminary approval is warranted, the primary issue before the Court is whether the proposed settlement is within the range of what might be found fair, reasonable and adequate. *Matthews v. Cloud 10 Corp.*, Case No. 14-00646, 2015 U.S. Dist. LEXIS 114586, at *4 (W.D.N.C. Aug. 27, 2015); *accord* MANUAL FOR COMPLEX LITIGATION, FOURTH, §13.14, at 172-73 (2004) ("*Manual Fourth*") (at the preliminary approval stage, "[t]he judge must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing."). This determination, necessarily, is committed to the sound discretion of the district court. *In re MicroStrategy, Inc. Sec. Litig.*, 148 F. Supp. 2d 654, 663 (E.D. Va. 2001) (class settlements must be evaluated "on a case-by-case basis, in light of the relevant circumstances"). There is a strong judicial policy in favor of settlement, in order to conserve scarce resources that would otherwise be devoted to protracted litigation." *Covarrubias v. Capt. Charlie's Seafood, Inc.*, 2011 U.S. Dist. LEXIS

11

72636, *6-7 (E.D.N.C. July 5, 2011) (*quoting Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984).

The gravamen of an "approvable" proposed settlement is that it be "fair, adequate, and reasonable and is not the product of collusion [between the parties]." *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 (11th Cir. 1994). District courts in the Fourth Circuit use a four-factor test in determining the fairness of a proposed settlement:

> In assessing a proposed class action settlement, 'a presumption of fairness exists where: (1) the settlement is reached through arm's-length bargaining; (2) investigation and discovery are sufficient to allow counsel and the court to act intelligently; (3) counsel is experienced in similar litigation; and (4) the percentage of objectors is small.'

*Arthur v. SunTrust Bank* (In re LandAmerica § 1031 Exch. Servs. Inc. IRS § 1031 Tax Deferred Exch. Litig.), 2012 U.S. Dist. LEXIS 97933, *8 (D.S.C. July 12, 2012) (*quoting Brunson v. Louisiana-Pacific Corp.,* 818 F. Supp. 2d 922, 927 (D.S.C. 2011); Newberg & Conte, Newberg on Class Actions (3d ed. 1992) § 11.41.

In determining whether the proposed settlement is adequate, relevant factors to consider include:

> (1) the relative strength of the plaintiffs' case on the merits, (2) the existence of any difficulties of proof or strong defenses the plaintiffs are likely to encounter if the case goes to trial, (3) the anticipated duration and expense of additional litigation, (4) the solvency of the defendants and the likelihood of recovery on a litigated judgment, and (5) the degree of opposition to the settlement.

*Arthur*, 2012 U.S. Dist. LEXIS 97933, *11 (*quoting In re Jiffy Lube Sec. Litig,* 927 F.2d 155,158 (4th Cir. 1991).

As part of the preliminary approval process, the district court must also approve the notice of the settlement that the Parties propose be sent to Class Members. The Court must

ascertain whether the notice complies with the standards of fairness, completeness, and neutrality required of a settlement class notice disseminated under authority of the Court. *See, e.g.*, 4 NEWBERG ON CLASS ACTIONS (Fourth) §§ 8.21, 8.39; *Manual Fourth* §§ 21.311-21.312.

**IV.** **ARGUMENT**

Plaintiffs' briefing establishes why the Court can: grant preliminary approval of the Parties' Settlement; certify the Proposed Class for settlement purposes; approve the Parties' forms giving Notice of Settlement and set deadlines for filing claim forms, opt-out forms, and objections to the settlement; and schedule a fairness hearing on the proposed settlement. Because the Proposed Settlement is fair, adequate, and reasonable, it meets the standards for preliminary approval. As the putative class subject to the Proposed Settlement meets the requirements of class certification under Fed. R. Civ. P. 23(a) and 23(b)(3), the Court may certify the putative class for settlement. Given that the Claim Form, Proposed Summary Notice, and Long Form Notice, attached to the Settlement Agreement as Exhibits A, B, and C thereto, meet the requirements of due process and are accurate, informative, and easy to understand, Plaintiffs seek this Court's approval of the attached and ask the Court to schedule appropriate deadlines to fill out the forms or object to the settlement. Plaintiffs, last, request that the Court schedule a fairness hearing given that Plaintiffs have met the appropriate standards for preliminary approval of settlement, class certification, and notice of settlement.

**1.** **The Proposed Settlement Should Receive Preliminary Approval Because it is Fair, Adequate, and Reasonable.**

**a.** **The Proposed Settlement is Fair.**

*i.* *Settlement was Reached Through Arms'-Length Bargaining*

The Settlement reached by the Parties was the product of arms' length negotiations by counsel with extensive experience in litigating class action claims. *See* Declaration of Nicholas Migliaccio ("Migliaccio Dec."), attached hereto as Exhibit 3. Each party was independently represented by counsel throughout this litigation. As such, Counsel for each Party was obligated to and did vigorously represent their Clients' rights. *Id*. The negotiations included several conference calls between the Parties' Counsel and countless e-mails. Several of these communications were contentious at times and different attorneys were required to handle the negotiations from time to time as a result. *Id.*

Based on the information obtained through their exhaustive investigation and negotiations, the Parties settled on an agreement that Defendants would either (1) reinstate LTE Band 12 functionality on the particular Settlement Class Member's Idol 3 smartphone within a reasonable period of time not to exceed 3 months from the Court's final approval of the Settlement or (2) provide a comparable replacement Alcatel smartphone (i.e., one with a manufacturers' suggested retail price of at least $179.99 and LTE Band 12 compatibility for each Idol 3Smartphone originally purchased by a Settlement Class Member. The robustness of this settlement is evidence that it was the result of arms'-length bargaining.

### ii. *Investigation and Discovery are Sufficient to Allow Counsel and the Court to Act Intelligently.*

This prong of the analysis "captures the degree of case development that class counsel have accomplished prior to settlement." *Seidman v. Am. Mobile Sys.*, 965 F. Supp. 612, 619 (E.D. Pa. 1977). "The law is clear that early settlements are to be encouraged, and accordingly, only some reasonable amount of discovery should be required to make these determinations." *Ressler v. Jacobson*, 822 F. Supp. 1551, 1555 (M.D. Fla. 1992). However, the "[s]ufficiency of information does not depend on the amount of formal discovery which

has been taken because other sources of information may be available to show the settlement may be approved even when little or no formal discovery has been completed." *San Antonio Hispanic Police Officers' Organization, Inc. v. City of San Antonio*, 188 F.R.D. 433, 459 (W.D. Tex. 1999).

Plaintiffs' Counsel had sufficiently advanced this case at the point that the Parties reached a settlement. Migliaccio Dec., ¶ 9. Prior to reaching a settlement, the Parties engaged in written discovery and Plaintiffs' Counsel conducted an extensive investigation relating to the class claims and the underlying events and researched the applicable law with respect to the potential claims and defenses. Migliaccio Dec., ¶ 7. The investigation and discovery conducted by the Parties in this case was comprehensive and time-consuming. Information and documents concerning the claims and defenses was exchanged, reviewed, and processed by each side. Indeed, there is no dispute that the Parties thoroughly investigated the relevant facts and legal issues through every means available. Migliaccio Dec., ¶ 7. Such an undertaking yielded substantial information, which allowed the Parties to discuss the scope of the suit and the necessary remedies for problems reported by Plaintiffs and putative class members intelligently and accurately assess and discuss the pros and cons of settlement.

### iii. Plaintiffs' Counsel is Experienced in Similar Litigation

Plaintiffs' Counsel has extensive experience and qualifications in this area of law. Migliaccio and Rathod LLP is an experienced class action firm, including in the areas of unfair and deceptive trade practice and defective product actions. Migliaccio Dec., ¶ 10. Partners Nicholas A. Migliaccio and Jason S. Rathod have been litigating class action cases on behalf of plaintiffs for over 20 years. Whitfield Bryson and Mason, LLP is a renowned firm dedicated to representing plaintiffs in class actions as well. Partners Gary E. Mason and Scott C. Harris have been representing plaintiffs in class action cases involving unfair and deceptive trade

15

practices and defective products for over 30 years. All of Plaintiffs' Counsel have extensive complex litigation experience and are frequent writers and lecturers on defective products and unfair and deceptive trade practices, among other topics.

### iv.  The Percentage of Objectors

The number of objectors is but a factor in the Court's consideration.  "A settlement can be fair notwithstanding a large number of class members who oppose."  *Berry v. LexisNexis Risk & Info. Analytics Group, Inc.*, 2014 U.S. Dist. LEXIS 124415, \*42 (E.D. Va. Sept. 5, 2014) (*quoting Cotton v. Hinton*, 559 F.2d 1326 (5th Cir. 1977)).  Here, the Named Plaintiffs approve of the settlement.  Further, the Parties are not aware of any current or potential objectors.

### b.  The Proposed Settlement is Adequate.

### i.  The Relevant Strength of Plaintiffs' Case on the Merits

Class Counsel has carefully assessed the probability of ultimate success on the merits and the risks of establishing liability and damages.  While Class Counsel believes that the deceptive trade practice claims against Defendants are strong and could be proven at trial, a finding of liability is never assured, especially in complex litigation.

### ii.  The Existence of any Difficulties of Proof or Strong Defenses

Even with a strong factual and legal case, the Class Members face significant risks in establishing liability and damages.  Further risks exist as they relate to final certification of a class, overcoming attempted decertification, and surviving any appeal.  Indeed, substantial risks and uncertainties were present from the outset of this case that made it uncertain that any relief for the Class Members would be obtained. Class Counsel's view on the probability of any success on the merits was certainly influenced by the fact that Defendants has legal

16

and factual grounds available to defend this action. Defendants contend that their marketing materials reference LTE Band 12 but include disclaimers that band frequency and data speed are operator dependent and that specifications are subject to change without prior notice. Defendants also deny Plaintiffs' characterization of the removal of LTE Band 12 as "surreptitious." The existence of these arguments may bolster Defendants' defenses, which, if resolved in Defendants' favor, would undoubtedly have a detrimental impact on the restitution available to the Class Members.

While Class Counsel takes issue with the viability of some of these alleged defenses, the risks associated with the continued litigation of Plaintiffs' claims simply cannot be disregarded in measuring the reasonableness of the settlement.

### iii. *The Anticipated Duration and Expense of Additional Litigation*

Settling this case now saves the Parties from years of litigation and saves the Court's precious resources. Should the Parties continue to litigate this case, the Parties would engage in further written discovery, including extensive electronic discovery, as well as depositions. Plaintiffs would then move for class certification, which the Defendants would oppose, and the Court would need to evaluate all of the evidence amassed to determine whether each element of Rule 23 had been met. If class certification were granted, further discovery would be needed to flesh out the Parties' proofs and defenses, likely followed by dispositive motions before an eventual class action trial. It is very likely that this litigation would extend for another two years and cost the Parties hundreds of thousands of dollars or more in attorneys' fees and expenses.

*iv.* *The Solvency of Defendants and Likelihood of Recovery on a Litigated Judgment*

There is currently no concern that recovery on a litigated judgment would be impacted by Defendants' solvency.

*v.* *The Degree of Opposition to the Settlement*

The Parties are not aware of any current or potential objectors to the Settlement.

**c. The Proposed Settlement is Reasonable.**

Based on the foregoing, the Parties contend that the Settlement is fair, adequate and within the range of possible final approval such that it is reasonable. Accordingly, the standards for preliminary approval under Fed. R. Civ. P. 23(e) are met and the Parties request preliminary approval of the Proposed Settlement by this Court.

**2.** **Certification of the Rule 23 Settlement Classes is Appropriate**

Pursuant to the Settlement Agreement, the Parties have stipulated, for settlement purposes only, to the following Rule 23 classes:

> "North Carolina Class": all persons residing in North Carolina who purchased an Alcatel OneTouch Idol 3 4.7 inch or 5.5 inch smartphone during the time period of January 1, 2015 – December 27, 2016.

> "Kentucky Class": all persons residing in Kentucky who purchased an Alcatel OneTouch Idol 3 4.7 inch or 5.5 inch smartphone during the time period of January 1, 2015 – December 27, 2016.

Courts are authorized to adjudicate class-wide claims based on a common course of conduct. The United States Supreme Court in *Amchem* addressed the settlement class issue. *Anchem Products, Inc. v. Windsor*, 521 U.S. 591, 591, 617 (1997). The Court held that a district court faced with a settlement-only class need not inquire whether the class would present intractable problems with trial management, but that the other requirements for certification must still be satisfied. *Id.* at 620. Thus, any request for preliminary approval of

18

a class settlement should include a section on why certification would be appropriate, albeit within the context of a settlement. Each of the requisites for class certification are satisfied here. Fed. R. Civ. P. 23(a) and (b)(3).

### a. The Elements of Rule 23(a) Are Satisfied For Settlement Purposes.

#### i. *Numerosity*

The numerosity requirement is met if the class is so large that joinder of all members would be impracticable. Fed. R. Civ. P. 23(a)(1). There is no set minimum number of potential class members that fulfills the numerosity requirement. *Smith v. Res-Care, Inc.*, 2015 U.S. Dist. LEXIS 12256, *10 (S.D. W. Va. Feb. 3, 2015) (*citing Holsey v. Armour & Co*., 743 F.2d 199, 217 (4th Cir. 1984). However, where the class numbers twenty-five or more, joinder is usually impracticable. *Cypress v. Newport News General & Nonsectarian Hosp. Ass'n*, 375 F.2d 648, 653 (4th Cir. 1967) (eighteen class members sufficient).

Preliminary discovery has confirmed that the Class is comprised of at least one-hundred owners of Idol 3 Smartphones throughout the State of North Carolina and Kentucky, making joinder impractical. Moreover, the Class is composed of an ascertainable, self-identifying set of individuals and entities who purchased Idol 3 Smartphones. These numbers are sufficient to satisfy the numerosity requirement, as joinder of this many individuals would be impracticable.

#### ii. *Commonality*

Fed. R. Civ. P. 23(a)(2) requires questions of law and fact to be common to the class. *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2545 (2011). "Commonality is satisfied where there is one question of law or fact common to the class, and a class action will not be defeated solely because of some factual variances in individual grievances." *Jeffreys v. Communications Workers of Am.*, 212 F.R.D. 320, 322 (E.D. Va. 2003). "Commonality

19

requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'" *Dukes*, 131 S. Ct. 2541, 2551 (*quoting Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 157 (1982)). And the common issue must be such that "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id*.

Here, there are primary questions of law and fact common to the class and central to the claims against Defendants, which are: whether Defendants warranted and represented that the Idol 3 Smartphones possessed LTE Band 12 compatibility and whether Defendants removed LTE Band 12 compatibility through a software update pushed to Idol 3 Smartphones. Thus, the putative class fulfills the commonality requirement.

### *iii. Typicality*

To satisfy the typicality requirement Fed. R. Civ. P. 23(a)(3), the Named Plaintiffs must show that their claims "are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "A class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Lienhart v. Dryvit Sys., Inc.*, 255 F.3d 138, 146 (4th Cir. 2001). "Nevertheless, the class representatives and the class members need not have identical factual and legal claims in all respects. The proposed class satisfies the typicality requirement if the class representatives assert claims that fairly encompass those of the entire class, even if not identical." *Fisher v. Va. Elec. & Power Co.*, 217 F.R.D. 201, 212 (E.D. Va. 2003). "The typicality requirement mandates that Plaintiffs show (1) that their interests are squarely aligned with the interests of the class members and (2) that their claims arise from the same events and are premised on the same legal theories as the claims of the class members." *Jeffreys*, 212 F.R.D. at 322. Commonality and typicality tend to merge because both "serve as

20

guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Dukes*, 131 S. Ct. at 2551 n.5.

Here, Plaintiffs' claims are typical of the claims of the Members of the Proposed Class, as all such claims arise out of Defendants' conduct in designing, manufacturing, marketing, advertising, warranting, and selling the Idol 3 Smartphones and removing LTE Band 12 compatibility from Idol 3 Smartphones. Plaintiffs' legal claims are typical of those of the Class as a whole because they apply the same legal theories to the same policies and practices.

### iv.  Adequacy

"Finally, under Rule 23(a)(4), the class representatives must adequately represent the interest of the class members, and legal counsel must be competent to litigate for the interests of the class." *Jeffreys*, 212 F.R.D. at 323. "Basic due process requires that the named plaintiffs possess undivided loyalties to absent class members." *Fisher v. Va. Elec. & Power Co.*, 217 F.R.D. 201, 212 (E.D. Va. 2003) (*citing Broussard v. Meineke Disc. Muffler Shops*, 155 F.3d 331, 338 (4th Cir. 1998).

The adequacy of representation requirement is met here. Named Plaintiffs understand and have accepted the obligations of a class representative and have adequately represented the interests of the putative class. Indeed, the Plaintiffs have devoted much time and effort in prosecuting the class claims and assisting their counsel with investigating and litigating the case. Plaintiffs have retained counsel experienced in the prosecution of complex class actions including, but not limited to, consumer class actions involving, *inter alia*, breach of

warranties, product liability, and product design defects. See Firm Resumes, attached hereto as Exhibits 4 and 5. Thus, the adequacy requirement has been met.

### b. The Elements of Rule 23(b)(3) Are Satisfied.

#### i. *Predominance*

"[Rule 23(b)(3)] encompasses those cases in which a class action would achieve economies of time, effort and expense and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." Notes of Advisory Committee on Rules, 1966 Amendment. Class actions may be certified where common questions of law and fact predominate over questions affecting individual members, and where a class action is superior to other means of adjudicating the controversy. The predominance inquiry tests whether the proposed classes are sufficiently cohesive to warrant adjudication. *Amchem*, 521 U.S. at 623. Although Fed. R. Civ. P. 23(b)(3) requires that common issues of law and fact predominate, it does not require that there be an absence of any individual issues. *In re Sugar Industry Antitrust Litig.*, 73 F.R.D. 322, 344 (E.D. Pa. 1976). The Court must find that "the group for which certification is sought seeks to remedy a common legal grievance." *Hochschuler* v. *G.D. Searle & Co.*, 82 F.R.D. 339, 348- 49 (N.D. Ill. 1978); *Dietrich v. Bauer*, 192 F.R.D. 119, 127 (S.D.N.Y. 2000) (in determining whether common issues of fact predominate, "a court's inquiry is directed primarily toward whether the issue of liability is common to members of the class"). Rule 23(b)(3) does not require that all questions of law or fact be common. *See In re Telectronics Pacing Systems*, 172 F.R.D. 271, 287-88 (S.D. Ohio 1997).

22

Here, the removal of LTE Band 12 from Idol 3 Smartphones affected each Putative Class Member whose phone operated on the T-Mobile Network uniformly. Named Plaintiffs maintain that Defendants' conduct presents common operative facts and common questions of law, as iterated in the commonality analysis. Defendants have not identified individual issues that would compromise the legal claims of the Putative Class and Plaintiffs cannot identify individual issues that would predominate over the Putative Class's common legal claims and questions in light of Defendants' uniform conduct.

### ii. Superiority

The Court must also consider if a class action is superior to individual suits. *Amchem*, 521 U.S. at 615. The superiority requirement involves a "comparative evaluation of alternative mechanisms of dispute resolution." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1023 (9th Cir.1998). Here, as in *Hanlon*, the alternative methods of resolution are individual claims for relatively small amount of damages. These claims would "prove uneconomic for potential plaintiffs" because "litigation costs would dwarf potential recovery." *Id.* The Settlement Agreement provides the Putative Class Members with an ability to obtain prompt, predictable and certain relief, whereas individualized litigation carries with it great uncertainty, risk and costs, and provides no guarantee that any injured Putative Class Member will obtain necessary and timely relief at the conclusion of the litigation process.

The class action device could also conserve judicial resources by avoiding the waste and delay of repetitive proceedings and prevent inconsistent adjudications of similar issues and claims. Litigation costs would surely surpass the average recovery for each Putative Class Member. For these reasons, the Proposed Settlement Class should be certified.

**3.   Plaintiffs' Proposed Notice Forms Satisfy the Requirements of this Court.**

**a.   The Notice Satisfies Due Process**

Rule 23 leaves the form of the notice to the Court's discretion. *See Fisher v. Va. Elec. & Power Co.*, 217 F.R.D. 201, 227 (E.D. Va. 2003) ("a court may exercise its discretion to provide the best notice practicable under the circumstances."); *see also* Fed. R. Civ. P. 23(c)(2)(B). Here, the Parties propose that at a minimum, that the Defendants shall provide direct mail and/or email notice to any Settlement Class Member for whom street addresses and/or email addresses can be obtained with reasonable effort by Defendants. *See* Settlement Agreement Section III. Additionally, Defendants shall post information concerning the Settlement on TCL's website, including listing of a toll-free number (which may be an existing customer service number at TCL) specified in the summary notice. *Id*. Finally, the Parties will retain a Notice Provider to ensure the creation of a constitutionally sufficient notice program to additionally include, without limitation, publication notice on an interactive website, banner ads, and print publications about this settlement. *Id*. The claim forms, summary notice, and detailed notice are attached to the Settlement Agreement as Exhibits A, B, and C, respectively.

This notice plan is consistent with class certification notices approved by numerous state and federal courts, and is, under the circumstances of this case, the best notice practicable. *See, e.g*., *In re SPX Corp. ERISA Litig*., No. 3:04 cv 192, 2007 U.S. Dist. LEXIS 28072, at *7 (W.D.N.C. Apr. 13, 2007) (finding that sending individual notice to all members of the Settlement Class who could be identified through reasonable efforts was best notice practicable under the circumstances).

### b. The Notice is Accurate, Informative, and Easy to Understand.

Under Fed. R. Civ. P. 23(e), Class Members are entitled to notice of any proposed settlement before it is ultimately approved by the Court. In accordance with this rule and the relevant due process considerations, adequate notice must be given to all Absent Class Members to enable them to make an intelligent choice as to whether to opt- in to or opt-out of the Classe. *See In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 326-27 (3d Cir. 1998); *Valentino v. Carter-Wallace, Inc*., 97 F.3d 1227 (9th Cir. 1996). The notice, in turn, is necessary so that due process and Rule 23 requirements of notice and the right to be heard in court are achieved before a settlement is considered for Final Approval.

Here, the proposed Notice provides clear and accurate information as to the nature and principal terms of the Settlement Agreement, including: the relief the settlement will provide Participating Claimants; the consequences of taking or foregoing relief provided by the settlement to Class Members; and the date, time, and place of the final settlement approval hearing. *See Manual Fourth* § 21.312. Further, pursuant to Fed. R. Civ. P. 23(h), the proposed Notice also sets forth the maximum amount of attorneys' fees and costs that may be sought by Named Plaintiffs and their counsel. Accordingly, the Notice complies with the standards of fairness, completeness, and neutrality required of a settlement class notice disseminated under authority of the Court. *See, e.g.*, 4 NEWBERG ON CLASS ACTIONS (Fourth) §§ 8.21, 8.39; *Manual Fourth* §§ 21.311- 21.312.

### 4. Plaintiffs Request That the Court Enter the Following Schedule to Facilitate Settlement.

Plaintiffs requests that the Court schedule the forgoing deadlines to facilitate settlement. Plaintiffs also asks the Court to set a date for a final fairness hearing to determine that final approval of the settlement is proper. The fairness hearing will provide a forum to explain,

25

describe or challenge the terms and conditions of the settlement, including the fairness,

adequacy and reasonableness of the settlement, including the attorneys' fees, reimbursement of

costs, and enhancement awards to the Named Plaintiffs.

**Proposed Timeline**

| EVENT | ANTICIPATED DATE |
|---|---|
| Deadline to File Motion for Preliminary Approval Order; Settlement Agreement with Exhibits, including Class Notice. | February 21, 2018 |
| Entry of Preliminary Approval Order ("Preliminary Approval"). | TBD by the Court |
| Deadline for Administrator to publish the Summary Notice, which will provide instructions to obtain a Claim Form. | 20 days after Preliminary Approval. |
| Deadline for Administrator to mail the Detailed Notice and Claim Form to each Class Member whose name and address can be reasonably determined by Defendants or Administrator (hereinafter the "Mailing Deadline"). | 30 days after Preliminary Approval. |
| Deadline for Potential Claimants to post-mark Opt-Out Forms, and Objections (hereinafter the "Objection/Exclusion Deadline"). | 30 days after Mailing Deadline. |
| Deadline for Defendants to serve a list of persons who have validly and timely opted out of the Settlement Class on Class Counsel. | 7 days after Objection/Exclusion Deadline. |
| Deadline for Parties to file a report of objections with the Court. | 10 days after Objection/Exclusion Deadline. |
| Deadline for Class Representatives to file Motion for Final Approval, Enhancement Awards, and Attorneys' Fees and Costs. | 14 days before Final Fairness Hearing. |
| Final Fairness Hearing. | TBD by the Court (100 days after entry of Preliminary Approval) |
| Deadline for Defendants to pay Plaintiffs' Attorneys Fees | 10 days after Final Judicial Approval. |

| Deadline for Defendants to pay Incentive Awards to Class Representatives | 15 days after Final Judicial Approval. |
|---|---|
| Deadline for Defendants to provide award to Settlement Class Members ("Award Deadline"). | 90 days after Final Judicial Approval, or 30 days after receipt of a valid and timely Claim Form if the Claim Form is received after the Award Deadline. |
| Deadline for Potential Claimants to post-mark Claim Forms. | 12 months after the Mailing Deadline. |

## V.   <u>CONCLUSION</u>

For the foregoing reasons, the Parties respectfully request that the Court: (1) preliminarily approve the proposed settlement agreement pursuant to Fed. R. Civ. P. 23(c) and (e); (2) preliminarily certify each of the proposed Settlement Classes; (3) approve the proposed class notice and forms; (4) set the deadlines for filing claim forms, opt-out forms, and objections to the settlement; and (5) schedule a fairness hearing to consider final approval of the proposed settlement, and approval of attorneys' fees, costs, and enhancement awards.

Dated: February 21, 2018                                Respectfully submitted,


                                                        */s/ Nicholas A. Migliaccio*
                                                        Nicholas A. Migliaccio, Esq. (*pro hac vice*)
                                                        Jason S. Rathod, Esq. (*pro hac vice*)
                                                        Migliaccio & Rathod LLP
                                                        412 H Street N.E., Suite 302
                                                        Washington, D.C. 20002
                                                        Office: (202) 470-3520
                                                        Fax: (202) 800-2730

                                                        Gary E. Mason, Esq. *
                                                        Jennifer S. Goldstein, Esq. *
                                                        5101 Wisconsin Ave. NW
                                                        Ste. 305
                                                        Washington, D.C. 20016
                                                        Office: (202) 640-1160

27

Fax: (202) 429-2294

Scott C. Harris
Whitfield Bryson & Mason LLP
900 W. Morgan Street
Raleigh, North Carolina 27603
Telephone: (919) 600-500
Facsimile: (919) 600-5035

\* *pro hac vice* admission to be sought

*Attorneys for Plaintiff and the Putative Class*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of February 2018, a true and complete copy of the

foregoing Plaintiff's Discovery Requests were served via electronic mail to the following:

Jon Berkelhammer, Esq.
jon.berkelhammer@elliswinters.com
Brian W. Shaffer, Esq.
Brian.shaffer@morganlewis.com
Thomas J. Sullivan, Esq.
Thomas.sullivan@morganlewis.com

*Attorneys for Defendants*

/s/ Nicholas A. Migliaccio
Nicholas A. Migliaccio

28